UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:19-cr-00511 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 23; 26] |
| vs. | : | |
| LANTY CARR, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Lanty Carr asks the Court to reduce his sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes Carr's request.[2]

For the following reasons, the Court **DENIES** Defendant Carr's motion for compassionate release.

I.  Background

In October 2019, Defendant Carr pled guilty to one count of possession with intent to distribute methamphetamine.[3] In March 2020, this Court sentenced Defendant to 60 months' imprisonment, the statutory mandatory minimum and more than two years below the recommended guidelines range.[4] The Court also sentenced Defendant to four years' supervised release following his prison term.[5] The Court found that Defendant's lack of criminal history, his family ties, and his steady employment history warranted the downward

---

[1] Doc. 23. Defendant's Counsel filed a supplemental motion in addition to Defendant's original *pro se* motion. Doc. 26
[2] Doc. 27.
[3] *Id.* at 1.
[4] *Id.* at 2.
[5] Doc. 21 at 3.

Case No. 5:19-cr-00511
Gwin, J.

variance.[6]

Now, Defendant seeks a sentence reduction under 18 U.S.C. § 3582.  Defendant is generally concerned about his risk of exposure to COVID-19.  Defendant's primary argument, however, is that he should be released to care for his wife, who suffers from serious health conditions, and their child.[7]

## II. Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]

Defendant Carr meets 18 U.S.C. § 3582's exhaustion requirement.  According to Defendant and the Bureau of Prisons, Defendant sent a compassionate release request to the FCI Morgantown warden on August 2, 2020, and the warden denied his request on August 25, 2020.[9]  Defendant Carr filed his *pro se* motion for compassionate release more than 30 days later on October 1, 2020.[10]

### B. Eligibility

Under the compassionate release statute, a court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without

---

[6] Doc. 21 at 2, 4; Doc. 27 at 2.
[7] Doc. 23 at 3, 5–6; Doc. 26 at 2–3.  Defendant Carr refers to one minor child in his family, while his counsel-supplemented brief refers to two minor children.  Doc. 23 at 5–6; Doc. 26 at 3.
[8] 18 U.S.C. § 3582(c)(1)(A)(i).
[9] Doc. 23 at 2–3; Doc. 27 at 3.
[10] *See* Doc. 23.

Case No. 5:19-cr-00511
Gwin, J.

conditions that does not exceed the unserved portion of the original term of imprisonment."[11]

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction," (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[12]

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[13] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative."[14]

Pertinent here, Defendant highlights U.S.S.G. § 1B1.13, the applicable policy guideline for Bureau of Prisons-filed compassionate release requests.[15] The guideline's notes elaborate that "extraordinary and compelling reasons" can include the "incapacitation of the caregiver of the defendant's minor child" and "the incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse."[16] The Court notes the guidelines in this instance but is not required to follow them.

---

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted). The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors. 18 U.S.C. § 3553(a).

[13] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[14] *Elias*, 984 F.3d at 519–20; *Jones*, 980 F.3d at 1111 (indicating that the court "may skip step two" where an inmate files a motion on their own behalf.).

[15] U.S.S.G § 1B1.13; Doc. 23 at 6.

[16] U.S.S.G § 1B1.13, cmt. n.1(c).

-3-

Case No. 5:19-cr-00511
Gwin, J.

### a. Extraordinary and Compelling Reasons

The Court finds that Defendant Carr has not presented extraordinary and compelling reasons warranting release.

Defendant cites a generalized fear of contracting COVID-19 but does not claim that he has any health conditions that would make him more susceptible to severe illness.[17] Defendant Carr's concern is understandable, but it does not constitute circumstances that merit release.[18] Currently, there is only one reported staff case of COVID-19 at FCI Morgantown, where Carr is incarcerated.[19]

Defendant Carr also argues that he should be granted compassionate release because he must provide care for his wife, who suffers from a number of serious illnesses. Defendant Carr is concerned that she cannot adequately care for herself or their minor child.[20] Defendant Carr's wife's health conditions put her at a greater risk of serious illness from COVID-19. He argues that she could limit her potential exposure if he was released and able to care for her.[21]

Defendant Carr provides his own account of his wife's health struggles[22] and submits notes from three of his wife's doctor visits.[23] The Court appreciates Defendant Carr's wife's difficulties. Still, Defendant Carr's evidence is insufficient to show that his wife is

---

[17] Doc. 23 at 3–5; Doc. 26 at 2.
[18] See *United States v. Carter*, No. 3:18-cr-445, 2021 WL 424319, at *2 (N.D. Ohio Feb. 8, 2021) ("[A] fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify his sentence").
[19] Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 28, 2021); Doc. 23 at 5.
[20] Doc. 23 at 5–6; Doc. 26 at 1–2.
[21] Doc. 26 at 1–3.
[22] Doc. 23 at 5–6.
[23] Doc. 32.

Case No. 5:19-cr-00511
Gwin, J.

incapacitated without anyone to care for her or that she is unable to care or provide for their child. Even if Carr had shown more difficulty with his wife's care, the Court finds it would be insufficient to warrant release. Carr's methamphetamine distribution threatens others and outweighs any difficulty he visited upon his wife by engaging in serious criminal conduct.

### b. 18 U.S.C. § 3553(a) Factors

The 18 U.S.C. § 3353(a) factors also weigh against granting Defendant's release. This Court chose a sentence far below the sentencing guidelines range because Carr did not have a criminal history, among other factors. But Defendant has served just over a year of his 60-month sentence. Releasing Defendant Carr now would not "reflect the seriousness of [his] offense, [] promote respect for the law, [or] provide just punishment."[24]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Carr's request for compassionate release.

IT IS SO ORDERED.

Dated: June 2, 2021

                                            *s/ James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[24] 18 U.S.C. § 3553(a).